UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOE ANN HAMILTON, ET AL.,            )
                                     )
         Plaintiffs,                 )
                                     )     CIVIL ACTION NO.
VS.                                  )
                                     )     3:07-CV-1442-G
FIRST AMERICAN TITLE COMPANY,        )
                                     )     **ECF**
         Defendant.                  )

# MEMORANDUM OPINION AND ORDER

Before the court are the following motions: (1) the motion of the plaintiffs, Joe Ann Hamilton, Ernest Hamilton, and Jacqueline Wilson ("the plaintiffs" or "the original plaintiffs"), individually and on behalf of others similarly situated for leave to file a first amended complaint; and (2) the motion of Allean Brooks ("Brooks"), Carolyn Johnson ("Johnson"), and Kimberly Williams-Thompson ("Williams-Thompson") (collectively, "proposed intervenors"), to intervene as class representatives. For the reasons set forth below, both motions are granted.

I.  BACKGROUND

In their original complaint, the plaintiffs alleged that First American Title Insurance Company ("First American" or "the defendant") violated section 8(b) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b). Complaint ¶¶ 45-51.  The plaintiffs also asserted common law claims of money had and received and unjust enrichment.  *See* Brief in Support of Consolidated (1) Plaintiffs' Motion for Leave to File First Amended Complaint and (2) Allean Brooks', Carolyn Johnson's and Kimberly Williams-Thompson's Motion to Intervene as Class Representatives ("Plaintiffs' Motion") at 3.  For the reasons set forth in this court's order of February 25, 2008, the RESPA claim asserted by the plaintiffs was dismissed as time-barred under RESPA's one year statute of limitations.  *See generally* Memorandum Opinion and Order ("Order") (Docket Entry # 29).

After learning of the dismissal, the plaintiffs filed a motion on May 30, 2008 for leave to amend the complaint to add a claim for breach of implied contract.  *See* Plaintiffs' Motion at 1.  Furthermore, Brooks, Johnson, and Williams-Thompson filed a motion to intervene as class representatives.  *Id.* at 2.  Williams-Thompson's RESPA claim is the only RESPA claim that is not barred by the statute of limitations.  *Id.* at 4.  Brooks' and Johnson's RESPA claims are time-barred, as their claims accrued more than one year prior to the filing of the original complaint.  *Id.* at 6.  The amended complaint still includes the common law claims for money had and received and

unjust enrichment. *See* Plaintiffs' First Amended Complaint at 14-15. All plaintiffs assert these common law claims, in addition to the breach of implied contract claim that the plaintiffs are seeking to add to the complaint. *Id.* at 16-17.

## II. ANALYSIS

### A. Motion for Leave to Amend Pursuant to Rule 15

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); see also *Foman v. Davis*, 371 U.S. 178 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id.* at 182. When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc . . .." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994).

Opposing the amendment, the defendant asserts that the claim for breach of implied contract should not be permitted because it was inexcusably delayed. *See* Defendant's Opposition to Plaintiffs' Consolidated Motion for Leave to File First Amended Complaint and Allean Brooks', Carolyn Johnson's, and Kimberly Williams-Thompson's Motion to Intervene as Class Representatives ("Response") at 4-6. Citing several cases, the defendant asserts that "the Fifth Circuit has regularly upheld the denial of leave to amend when a party seeks to add a new legal theory[,] which was apparent from the outset of the case or when motions were filed nine or ten months after the instigation of the lawsuit." *Id.* at 5. However, each authority cited by First American is distinguishable from the present case.

In *Barrett v. Independent Order of Foresters*, the Fifth Circuit affirmed denial of leave to amend, but the trial court denied leave to amend only after summary judgment had been awarded. See *Barrett v. Independent Order of Foresters*, 625 F.2d 73 (5th Cir. 1980). The defendant also cites *Layfield v. Bill Heard Chevrolet Company*, 607 F.2d 1097 (5th Cir. 1979), *cert. denied*, 446 U.S. 939 (1980), where the Fifth Circuit again affirmed denial of leave to amend the complaint. Similar to *Barrett*, the district court in *Layfield* denied the plaintiff leave to amend only after a summary judgment had been entered in favor of the defendant. *Id.* Furthermore, in *Layfield*, the plaintiff failed to provide any brief in support of the motion to amend, which was required by local rule. *Id.* at 1099.

The defendant also directs the court's attention to *Wimm v. Jack Eckerd Corporation*, 3 F.3d 137 (5th Cir. 1993), arguing that, similar to the plaintiffs in *Wimm*, the plaintiffs here were "aware of the factual basis for [their] claims for over a year before this action commenced." *See* Response at 5 (quoting *Wimm*, 3 F.3d at 141). The defendant again fails to note that the motion for leave to amend in *Wimm* was filed in response to a summary judgment motion. *Id.* at 139-40. Additionally, the district court had already granted leave to file a first amended complaint. *Id.* at 138. However, the *Wimm* court did express:

> awareness of facts and failure to include them in the complaint might give rise to the inference that the [party] was engaging in tactical maneuvers to force the court to consider various theories seriatim. In such a case, where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate.

*Id.* at 141. In the present case, there is no alleged bad faith, but rather the defendant believes the amendment should be denied for inexcusable delay. *See* Response at 4. For this reason, *Wimm* carries less weight in the present circumstances.

Even though the original plaintiffs' RESPA claims were dismissed because of the statute of limitations, the plaintiffs still have common law claims pending. Therefore, by adding the breach of implied contract claim, the plaintiffs are simply amending their complaint to encompass all common law claims. The addition of the breach of implied contract claim does not come in a response to a summary judgment

motion, nor does it suggest that bad faith was involved.  Though the claim has been asserted many months after the original complaint, the court does not see this as undue delay.

"What constitutes undue delay in seeking leave to amend a complaint is necessarily case specific.  This court finds guidance in the general principle that '[l]iberality in pleading does not bestow on a litigant the privilege of neglecting her case for a long period of time.'" *Cuccia v. Fulbright & Jaworski*, 2003 WL 21212777, *2 (N.D. Tex. May 22, 2003) (quoting *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1025 (5th Cir. 1981)).  There is no evidence of neglect here, as the case is still in its early stages.  *Id.*  The plaintiffs' class discovery is scheduled to run through October 3, 2008, and the plaintiffs' class certification motion and brief are due November 21, 2008.  *See* Response at 4.  The plaintiffs filed the instant motion on May 30, 2008.  For the reasons set forth above, the motion for leave to amend the complaint to add a breach of implied contract claim is granted.

### B.  Intervention

#### 1. *Intervention as of Right*

The test for intervention as of right pursuant to FED. R. CIV. P. 24(a)(2) is well-established:

> [T]o intervene as of right each of the four requirements of the rule must be met:  (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject

> of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir. 1984) (quoting *New Orleans Public Service, Inc. v. United Gas Pipe Line Company*, 732 F.2d 452, 463 (5th Cir.) (en banc), *cert. denied*, 469 U.S. 1019 (1984)).

Under this test, the proposed intervenors are not "so situated that the disposition of the action may, as a practical matter, impair or impede [their] ability to protect that interest." Because the proposed intervenors, especially Williams-Thompson (the only plaintiff who has a valid RESPA claim), could easily file a separate action asserting their claims, they cannot intervene as a matter of right.

### 2. *Permissive Intervention*

"Permissive intervention 'is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'" *Kneeland v. National Collegiate Athletic Association*, 806 F.2d 1285, 1289 (5th Cir.) (citing *New Orleans Public Service*, 732 F.2d at 470-71), *cert. denied*, 484 U.S. 817 (1987). When deciding whether to permit intervention, the court should consider, among other things, "whether intervention will unduly delay the proceedings or prejudice existing parties." *Id.* (citing FED. R. CIV. P. 24(b)).

It is well-settled in this circuit that "[a] prerequisite of an intervention (which is an ancillary proceeding in an already instituted suit) is an existing suit within the Court's jurisdiction." *Non Commissioned Officers Association of the United States v. Army Times Publishing Company*, 637 F.2d 372, 373 (5th Cir.) (citing *Truvillion v. King's Daughters Hospital*, 614 F.2d 520, 526 (5th Cir. 1980), and *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926), *cert. denied*, 273 U.S. 758 (1927)), modified on other grounds, 650 F.2d 83 (5th Cir. 1981). "By its very nature intervention presupposes pendency of an action in a court of competent jurisdiction" and thus "whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention." *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974); see also *Applebaum v. State Farm Mutual Automobile Insurance Company*, 109 F.R.D. 661, 663 (M.D. Pa.1986) (approving argument that "when no class certification has taken place, the dismissal of the only viable claim in the action ends the litigation and precludes intervention by other parties").

Williams-Thompson, a proposed intervenor, is the only plaintiff with standing to bring a RESPA claim. The two other proposed intervenors, Brooks and Johnson, are barred from recovery on a RESPA claim by the statute of limitations, 12 U.S.C. § 2614. *See* Plaintiffs' Motion at 6. Therefore, Brooks and Johnson are seeking intervention only to assert common law claims: money had and received, unjust enrichment, and breach of implied contract. Because the original plaintiffs are time-

barred by the statute of limitations, none of those plaintiffs are members of the class which Williams-Thompson seeks to represent.

The defendant bases its opposition to intervention on the contention that intervention is futile. *See* Response at 3-4. The Fifth Circuit defines futility "to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 873 (5th Cir. 2000). To determine whether the proposed amended complaint fails to state a claim upon which relief could be granted, the court applies the standard under Federal Rule of Civil Procedure 12(b)(6). *Id.* A Rule 12(b) (6) motion to dismiss should be granted only if the proposed complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, __, 127 S.Ct. 1955, 1974 (2007). Thus, when an opposing party argues futility, the court reviews proposed amendments in the light most favorable to the proponent, accepting all well-pleaded facts as true, with every doubt to be resolved in favor of the proponent. *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

The court's order of February 13, 2008 dismissed the RESPA claims of the original plaintiffs because the claims were time-barred. *See generally* Order. The court did not reach the merits of the RESPA claims. *Id.* Therefore, it has yet to be determined if the proposed intervenor (Williams-Thompson) "could," in the language

of *Stripling*, 234 F.3d at 873, "prove no set of facts in support of [her] claims that would entitle [her] to relief" on her RESPA and common law claims. After reviewing Williams-Thompson's proposed complaint in the light most favorable to her, this court cannot say that she could not prove any set of facts that would entitle her to relief. Similarly, the common law claims of Brooks and Johnson set forth sufficient facts to survive the defendant's futility argument. Consequently, it cannot be said that the proposed intervenors' claims are futile.

Additionally, First American will not be subject to prejudice if the court grants the motion to intervene. In the instant case, although the original plaintiffs' RESPA claims have been dismissed, the plaintiffs do still have standing to pursue their common law claims in this court. The present case does not subject the defendant to prejudice; in fact, First American, having already briefed the RESPA claims, should be prepared to defend against the claims of Williams-Thompson. *See* Brief in Support of Defendant's Motion to Dismiss (Docket Entry #18) at 5-8. By its own admission, First American should be fully prepared to tackle the RESPA claim asserted by Williams-Thompson, as "the statute of limitations was not the only grounds on which First American moved to dismiss the RESPA claim." Response at 3.

Whether First American has to defend itself against the RESPA claim brought by William-Thompson in a wholly separate suit, or in the current suit, the underlying facts are the same. Similar underlying facts are also present in the common law

claims asserted by the original plaintiffs and the proposed intervenors. For all parties to the suit and for the sake of judicial economy, the most efficient result is to grant the motion to intervene. For these reasons, the motion to intervene is granted.

### III. CONCLUSION

The original plaintiffs' motion for leave to amend the complaint to add a breach of implied contract claim is **GRANTED**. Brooks', Johnson's, and Williams-Thompson's motion to intervene is also **GRANTED**.

**SO ORDERED**.

August 15, 2008.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**