UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE ANN HAMILTON, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-1442-G |
| FIRST AMERICAN TITLE INSURANCE ) | |
| COMPANY, ) | |
| ) | **ECF** |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the defendant First American Title Insurance Company ("the defendant" or "First American")'s FED. R. CIV. P. 72(a) objections to the United States Magistrate Judge's order entered February 3, 2009 (docket entry 73) and the defendant's motion to vacate the magistrate judge's February 3, 2009, order granting plaintiffs' motion to compel, and to deny plaintiffs' motion to compel, as moot (docket entry 105).  For the reasons discussed below, the defendant's objections are overruled, and the defendant's motion is denied.

### I. BACKGROUND

The plaintiffs Joe Ann Hamilton *et al.* ("the plaintiffs") in this case seek to represent a class of persons situated similarly to themselves who refinanced their

homes in Texas, were charged a premium for a new lender title-insurance policy issued by First American in connection with the refinancing transaction, and failed to receive a mandatory discount on the premiums of that title-insurance policy. *See generally* Plaintiffs' Second Amended Complaint (docket entry 67). On April 3, 2008, the court issued a discovery schedule order limiting the scope of discovery "to class certification issues" pending a ruling on class certification. Discovery Schedule Order (docket entry 33) at 1. The parties proceeded to conduct class-certification discovery. *See* Plaintiffs' Motion to Compel Production of Documents and Electronic Information (docket entry 60) ("Motion to Compel") at 1-4.

      A.  <u>First American's Objections to the Magistrate Judge's Order</u>

A discovery dispute arose over some of the plaintiffs' requests for production of documents. See *id.* at 4-6. The requests seek various electronic data that First American maintains regarding title-insurance policies. *Id.* First American objected to these requests as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Memorandum in Opposition to Plaintiffs' Motion to Compel Production of Electronic Information (docket entry 68) ("Response to Motion to Compel") at 3. On December 11, 2008, the plaintiffs filed a motion to compel to require First American "to turn over all electronic data that it maintains concerning the lender title insurance policies that it has issued in the State of Texas under Rate Rules R-4 and R-8 from 2003 to present in Microsoft Excel or

other readily readable format" (hereinafter, "the electronic data").  Motion to Compel at 8.  On December 15, 2008, the court issued a standing order referring all discovery matters -- including the plaintiffs' motion to compel -- to Magistrate Judge William F. Sanderson, Jr. for determination.  *See* Standing Order of Reference (docket entry 62) at 1.  After the parties completed their briefing, Judge Sanderson held a hearing on the plaintiffs' motion to compel.  *See* Minute Order (docket entry 71) at 1.  On February 3, 2009, Judge Sanderson issued an order granting the motion.  Order of February 3, 2009 (docket entry 72) (hereinafter, "Judge Sanderson's order") at 2-3.  First American timely filed and served objections to Judge Sanderson's order.  *See* Defendant's FED. R. CIV. P. 72(a) Objections to the United States Magistrate Judge's Order Entered February 3, 2009 ("Objections") at 1.

B.  First American's Motion to Vacate

On May 11, 2009, First American filed a motion to vacate Judge Sanderson's order and to deny the plaintiffs' motion to compel as moot.  *See* Defendant's Motion to Vacate the Magistrate's February 3, 2009, Order Granting Plaintiffs' Motion to Compel, and to Deny Plaintiffs' Motion to Compel, as Moot ("Motion to Vacate") at 1.  The impetus for First American's motion to vacate was the court's order denying First American's motion to extend the class-certification briefing deadlines.  *See* Motion to Vacate at 2-3; *see also* Order of April 14, 2009 (docket entry 95) at 2-3.  First American had moved to extend the class-certification briefing deadlines on the

ground that the plaintiffs had stated their intention to file a supplemental brief in support of their motion for class certification based on information they obtained from the electronic data. *See* Amended Motion to Extend Class Certification Briefing Deadlines (docket entry 85) at 2-3. First American asked the court to allow it to wait to file its opposition to class certification until after the plaintiffs had filed their supplemental briefing. *Id.* at 3-4. In their response to First American's motion to extend the briefing deadline, the plaintiffs withdrew their request to file a supplemental brief based on the electronic data. *See* Plaintiffs' Memorandum in Opposition to Defendant's Amended Motion to Extend Class Certification Briefing Deadlines (docket entry 89) at 6. As a result, the court denied as moot First American's motion for extension of time. Order of April 14, 2009, at 2-3.

## II. ANALYSIS

### A. First American's Objections to Judge Sanderson's Order

#### 1. *Legal Standard*

Federal Rule of Civil Procedure 26(b)(1) provides that, unless the court orders otherwise, the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The scope of allowable discovery is broad: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED R. CIV. P. 26(b)(1); see also *Ferko v. National Association for Stock Car Auto Racing, Inc.*,

218 F.R.D. 125, 132 (E.D. Tex. 2003) ("Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))).

Title 28 U.S.C. § 636(b)(1)(A) provides that a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to a handful of exceptions not applicable here. Once a magistrate judge has issued an order deciding a pretrial matter, the statute allows a district judge to reconsider that order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a). Federal Rule of Civil Procedure 72 adds the requirement that a party who wishes to challenge an order of a magistrate judge determining a pretrial matter must serve and file objections to that order in a timely fashion.

A district court's review of a magistrate judge's non-dispositive pretrial order proceeds within a tripartite framework. The "clearly erroneous" standard of § 636(b)(1)(A) and Rule 72(a) "'applies to the factual components of the magistrate judge's decision.'" *AMS Staff Leasing, NA, Limited v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *2 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (quoting *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996) (Fitzwater, J.)). If the magistrate judge's "'account of the evidence is plausible in light of the record

viewed in its entirety,'" then that account is not clearly erroneous. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (Fitzwater, J.) (quoting *Resolution Trust Corporation v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993) (Fitzwater, J.)).

The "contrary to law" standard controls the district court's review of the magistrate judge's conclusions of law. *Id.* "The magistrate judge's legal conclusions are freely reviewable" under a *de novo* standard. *Lahr*, 164 F.R.D. at 208. The district court should reverse if the magistrate judge "erred in some respect" in his or her conclusions. *Id.*

Finally, the "numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters" are reviewed under an abuse-of-discretion standard. *Id.*; see also *AMS Staff Leasing*, 2005 WL 3148284, at *2; *Smith*, 154 F.R.D. at 665; *Sands*, 151 F.R.D. at 619. When a magistrate judge properly applies the law to findings of facts that are not clearly erroneous, a "vast area of choice" exists in which the magistrate judge's decisions are discretionary. *Lahr*, 164 F.R.D. at 208 (quoting *Smith*, 154 F.R.D. at 665) (ellipsis omitted). A magistrate judge's discretionary decisions will be reversed only for an abuse of discretion -- *i.e.*, when the district court "has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors," see *Dell Computer Corporation v. Rodriguez*, 390 F.3d 377, 385 n.14 (5th Cir. 2004) (citation and internal quotation marks omitted). See also *Biasco v. United*

*States Environmental Protection Agency*, 2001 WL 1172205, at *1 (N.D. Tex. Sept. 27, 2001) (Fish, J.) (characterizing the standard of review under Rule 72(a) as "extremely deferential") (citation and internal quotation marks omitted).

Here, First American does not contend that Judge Sanderson misstated the law or drew an erroneous legal conclusion. First American also does not contend that Judge Sanderson misapprehended the nature of the electronic data that the plaintiffs sought to discover or otherwise committed a clear error in the factual components of his decision. Rather, First American contends that Judge Sanderson's application of Rule 26(b)(1) to the facts of this case was erroneous because he ordered First American to produce information that is irrelevant to class certification. Objections at 2-3. Therefore, the court reviews Judge Sanderson's order only for an abuse of discretion.

2. *Application*

The court overrules First American's objections to Judge Sanderson's order. A party who seeks to overturn a magistrate judge's order disposing of a discovery matter shoulders a heavy burden. See *Seiferth v. Helicopteros Atuneros*, 2008 WL 5234416, at *2 (N.D. Miss. Dec. 12, 2008) (acknowledging "the great deference afforded to the decision of the magistrate in a discovery matter"); see also *Winfun v. Daimler Chrysler Corporation*, 255 Fed. Appx. 772, 773 (5th Cir. 2007) (per curiam) ("The District Court has broad discretion in discovery matters. Accordingly, we reverse discovery

rulings only in 'unusual' and 'exceptional' cases.") (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Company, Inc.*, 73 F.3d 546, 569 (5th Cir.), *cert. denied*, 519 U.S. 811 (1996)); *Crosswhite v. Lexington Insurance Company*, 321 Fed. Appx. 365, 369 (5th Cir. 2009) (conceding that it is "unusual to find an abuse of discretion in discovery matters" (quoting *Sanders v. Shell Oil Company*, 678 F.2d 614, 618 (5th Cir. 1982))).

First American has failed to carry the heavy burden of showing that Judge Sanderson abused his discretion in granting the plaintiffs' motion to compel. First American's objections to Judge Sanderson's order simply rehash the arguments First American advanced in its response to the plaintiffs' motion to compel. *Compare* Response to Motion to Compel at 2-8, *with* Objections at 3-7  The plaintiffs addressed each of First American's arguments in their briefing to Judge Sanderson. *See* Plaintiffs' Reply in Support of Motion to Compel Production of Documents and Electronic Information (docket entry 70) at 1-6. Judge Sanderson -- whose decision was informed and aided by the parties' presentation of their arguments at a hearing he held on this issue -- chose to credit the plaintiffs' arguments. *See* Order of February 3, 2009 at 2. His decision to do so was both consistent with the liberal approach to discovery of the Federal Rules of Civil Procedure and comfortably within the bounds of his discretion. Even assuming for the sake of argument that the court would have denied the plaintiffs' motion to compel, a mere difference of opinion

would not dictate the conclusion that Judge Sanderson abused his discretion. See *Sands*, 151 F.R.D. at 619 (characterizing the possibility that different judges "would approach a similar issue differently" as "the essence of the exercise of discretion"). The court is not left with a definite and firm conviction that Judge Sanderson committed a clear error in judgment in granting the plaintiffs' motion to compel. Therefore, First American's objections to Judge Sanderson's order are overruled.[*]

### B. First American's Motion to Vacate

#### 1. *Legal Standard*

First American has not specified a statute or rule that it believes gives the court the authority to vacate Judge Sanderson's order. Federal Rule of Civil Procedure 54(b) provides that an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" in an action "may be revised at any time before the entry of a [final] judgment." Judge Sanderson's order was an order adjudicating fewer than all the claims in this action, so the court will consider First American's motion to vacate under Rule 54(b).

---

[*] First American also complains that Judge Sanderson's order is "subject to multiple readings" and requests that this "ambiguity should be clarified" so that the order does not require production of data "which not even the Plaintiffs have requested." Objections at 5. The court thus clarifies that Judge Sanderson's order compels First American to produce only the documents, electronic data, and information actually sought by the requests for production to which the plaintiffs moved to compel First American to respond.

"Although the precise standard for evaluating" a motion under Rule 54(b) "is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.). "As Rule 54 recognizes, a district court 'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *Lacoste v. Pilgrim International*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)); *see also Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (citations and quotation marks omitted) (explaining that a Rule 54(b) motion requires the court to determine "whether reconsideration is necessary under the relevant circumstances").

2. *Application*

In this case, First American argues that the court should vacate Judge Sanderson's order on the ground of mootness. Motion to Vacate at 1. Specifically, First American points out that the court's discovery schedule order requires the plaintiffs to file "all supporting affidavits and other evidence" in support of class certification "together with" their brief in support of class certification. *See* Discovery Schedule Order at 2. First American argues that the plaintiffs abandoned their bid to use any of the electronic data as evidence in support of class certification when they withdrew their request to file supplemental briefing on the class-certification issue.

Motion to Vacate at 2.  First American concludes that "[t]here is no sense in ordering the production of First American's electronic data" because the plaintiffs "cannot use it in support of class certification." *Id.* at 3.

The court disagrees.  That the plaintiffs will not file supplemental briefing based on the electronic data does not mean that the plaintiffs cannot use that data in support of class certification.  Regardless of how the court rules on the plaintiffs' motion for class certification, the propriety of class certification will be a continuing issue in this action even after the court rules on that motion.  If the court certifies the class, First American can move to decertify; if the court declines to certify the class, the plaintiffs can move for reconsideration.  *See* FED. R. CIV. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Mendez v. The Radec Corporation*, 260 F.R.D. 38, 42 (W.D.N.Y. 2009) ("'[A] federal district judge has an affirmative obligation to ensure' that class certification remains appropriate throughout the litigation." (quoting *Wu v. MAMSI Life & Health Insurance Company*, 256 F.R.D. 158, 162-63 (D. Md. 2008), in turn citing *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir.), *cert. denied*, 464 U.S. 1009 (1983))); see also 3 WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 7.47 (4th ed. Westlaw current through November 2009) ("Because class rulings may be altered or amended at any time before a decision on the merits, class rulings are often reconsidered, and subsequently affirmed, altered, modified, or withdrawn.

. . . [C]lasses have been upheld on reconsideration after being denied originally, and have been denied on reconsideration after being upheld originally.") (footnotes omitted).  The fact that the plaintiffs have agreed not to rely on the electronic data in support of their pending motion for class certification does not moot their request for that data or render the data irrelevant to class-certification issues.  Therefore, the court denies First American's motion to vacate Judge Sanderson's order.

### III.  CONCLUSION

For the reasons discussed above, First American's objections to Judge Sanderson's order of February 3, 2009, are **OVERRULED**, and its motion to vacate Judge Sanderson's order of February 3, 2009, is **DENIED**.

**SO ORDERED**.

March 8, 2010.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**